## Case No. 4,174.

DUNN v. COMMONWEALTH INS. CO.

[1 Flip. 379;[1] 3 Ins. Law J. 631.]

Circuit Court, N. D. Ohio. April Term, 1874.

---

[1] [Reprinted by permission.]

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

W. J. Boardman and Geo. Willey, for the motion.

W. E. Lowe, against motion.

WELKER, District Judge. The court holds that the motion should be granted. That the first representation, if made, was in a legal sense liable to the objection that it undertook to state a matter of law instead of fact, and moreover that the plaintiff by the terms of the policy in her own hands, could know, with reasonable diligence, that the policy could not be invalid for any mere irregularities; that the second, as well as third, alleged representation was liable to a like objection, to wit: that the plaintiff would be bound to know as to the truth of the representation, so far as it asserted matter of fact, and that so far as it asserted a conclusion of law it was immaterial, as all were presumed to know the law; that the fourth alleged misrepresentation was no representation of which the law could take cognizance, it being no representation of a past or existing fact, but an assertion of something in futuro in the nature of a threat or discouragement, which was not a fraud in the law applicable to such cases.

Motion granted, with leave to amend reply.